UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. CASTAGNOLA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, et al.,<br><br>Defendant | Case No. 19-cv-08290-JSC<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Re: Dkt. No. 12 |

Michael L. Castagnola and the Michael L. Castagnola Revocable Trust challenge imposition of over $323,000 in fines for alleged violations of Sonoma County building, zoning, and public nuisance laws on property located in Sonoma County. Michael L. Castagnola ("Plaintiff") brings claims for declaratory and injunctive relief against Sonoma County, Sonoma County Permit Resources and Management Department, Tennis Wick, and Does One through Twenty ("Defendants"). Before the Court is Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative, motion for a more definite statement pursuant to Rule 12(e).[1] After careful consideration of the parties' briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS Defendants' motion to dismiss without prejudice based upon *Younger* abstention.

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (*See* Dkt. Nos. 7, 15, 23, 24.)

# BACKGROUND

## I. The Parties

### A. Plaintiff

Michael L. Castagnola is "a natural person residing and domiciled" in Sonoma County and is the "Trustee and sole Beneficiary" of the Michael L. Castagnola Revocable Trust. (Dkt. No. 8 at ¶ 2.[2]) Michael L. Castagnola Revocable Trust is "a revocable trust managed by Plaintiff Michael L. Castagnola, and owns the real property" that is the subject of the permit violations. (*Id*. at ¶ 3.) Since filing the amended complaint, Michael L. Castagnola has conceded that the Michael L. Castagnola Revocable Trust is "not a proper party to this action." (Dkt. No. 19 at 13 n. 5.) Accordingly, the Court proceeds as if the claims here are brought only by Michael L. Castagnola.

### B. Defendants

Sonoma County is a "County Government" in the State of California. (Dkt. No. 8 at ¶ 4.) Sonoma County Permit Resource and Management Department is a Sonoma County agency "responsible for enforcing all permit-violation proceedings in Sonoma County." (*Id*. at ¶ 5.)[3] Defendant Tennis Wick is the "Director of Defendant Sonoma County Permit Resource and Management Department" and "responsible for controlling and overseeing all permit-violation proceedings." (*Id*. at ¶ 6.) Does One through Twenty are "individuals, agencies, companies, businesses, government or other entities that are responsible for the acts and omissions" alleged in the complaint. (*Id*. at ¶ 7.)

## II. First Amended Complaint Allegations

On or around May 2017, Sonoma County received a complaint about an unpermitted greenhouse being constructed on the property at issue. (*Id*. at ¶ 11.) Shortly after the complaint, a "County Planning Department inspector" traveled to the property and requested to inspect the greenhouse. (*Id*. at ¶ 12.) Castagnola told the inspector that she could inspect the greenhouse, but

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[3] Sonoma County has since clarified that Sonoma County Permit Resource and Management Department is not a separate independent entity. (*See* Dkt. No. 23 at 2.)

2

1  "explicitly withheld permission to inspect other portions of his property." (*Id*. at ¶ 13.) Further,
2  the property is "wooded," which "obstructs the plain view from one part of the property to
3  another." (*Id*. at ¶ 14.) To inspect the greenhouse, the inspector had "to enter the property
4  through the front gate, park her vehicle, then walk down a short path to the greenhouse," and "at
5  no point in the process," would the inspector have been able to "inspect the other relevant
6  structures" of the property. (*Id*.) However, "despite being told by Plaintiff Castagnola that she did
7  not have permission to view or inspect anything other than the greenhouse," the inspector
8  "traversed back and forth over the entire subject property—going to areas that she could not see
9  from any vantage point where she had permission to be—closely inspecting nine other structures."
10 (*Id*. at ¶ 15.) During this inspection, Castagnola "repeatedly told the inspector that she did not
11 have his permission to conduct an inspection of his entire property," but the inspector "ignored"
12 him. (*Id*.)

### III. State Court Proceedings

On June 17, 2017, Sonoma County Permit and Resource Management issued a notice and order to Plaintiff detailing several violations of County building and zoning laws on the property. (*See* Dkt. No. 13 at 29-30, Ex. 3.[4]) The notice warned Plaintiff that violations "are subject to mandatory civil penalties" and that "[f]ailure to comply could also result in a lawsuit" in Sonoma County Superior Court. (*Id*. at 30.) The letter also stated it "[c]onstitute[d] final notice" unless

---

[4] Defendants request that the Court take judicial notice of public records consisting of notices and correspondence sent to Plaintiff in connection with Sonoma County building and zoning code violations, as well as the state court complaint which preceded this action. (Dkt. No. 13.) Under Federal Rule of Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." A court may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. County. of Orange,* 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." In addition, "[i]t is well established that [a] court may take judicial notice of records and reports of administrative bodies, such as notices and opinion letters. *Lundquist v. Cont'l Cas. Co.*, 394 F. Supp. 2d 1230, 1243 (C.D. Cal. 2005) (internal citations and quotation marks omitted). Accordingly, the Court GRANTS Defendants' unopposed request for judicial notice of the state court filings and notices and correspondence Defendants sent to Plaintiff, which includes Exhibits 1-6.

1  Plaintiff filed an appeal under the administrative process described therein. (*Id.*) Defendants sent
2  Plaintiff several notices and correspondence related to the violations over nearly a two-year
3  period. (*See Id*. at 29-46, Ex. 3-6.)
4        On December 17, 2019, Defendant Sonoma County sued Castagnola and the Michael L.
5  Castagnola Revocable Trust in the Superior Court of California, Sonoma County. The complaint
6  alleges numerous violations of Sonoma County building, zoning, and public nuisance laws;
7  requests abatement and injunctive relief in connection with those violations; and seeks payment of
8  assessed fines and penalties as a result of Plaintiff's alleged violation of the building and zoning
9  laws. (*See* Dkt. No. 13 at 14-19, Ex. 1.) Plaintiff responded with a cross-complaint, and a
10  subsequent motion to stay the state court proceeding with a hearing scheduled for April 22, 2020.
11  *County of Sonoma v. Michael Castagnola, Trustee of Michael L. Castagnola Revocable Trust, et*
12  *al.* No. SCV-265714 (Cal. Super. Ct. Dec. 17, 2020).

13  **IV.   Procedural History**

14        Two days after Defendants filed the state court complaint, Plaintiff filed this action. (Dkt.
15  Nos. 1, 8.) Before Defendants answered, Plaintiff filed an amended complaint ("First Amended
16  Complaint") which seeks declaratory and injunctive relief and alleges constitutional violations
17  based on: (1) the due process clause of the Fourteenth Amendment; (2) the excessive fines clause
18  of the Eighth Amendment; and (3) the search and seizure clause of the Fourth Amendment. (Dkt.
19  No. 8 at ¶¶ 18-41.) On March 6, 2020, Defendants filed the now pending motion to dismiss, under
20  Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative, for a more definite
21  statement pursuant to Rule 12(e).

22  **DISCUSSION**

23        Defendants seek dismissal of Plaintiff's complaint on several independent grounds: "(1)
24  the *Younger* Abstention Doctrine prohibits federal court jurisdiction over the on-going state court
25  code enforcement action; (2) the lawsuit was filed beyond the applicable statutes of limitation; (3)
26  the claims in the lawsuit are barred by collateral estoppel; (4) Defendant Tennis Wick is immune
27  from Plaintiff's claims; (5) Plaintiff failed to adequately plead a cause of action for *Monell*
28  liability against the County of Sonoma, its Permit Resource and Management Department

United States District Court
Northern District of California

("PRMD"), or Tennis Wick; and (6) Plaintiff failed to plead sufficient facts to state a cause of action against Defendant Tennis Wick or the County." (Dkt. No. 12 at 8-9.) The Court first addresses Defendants' *Younger* abstention argument because it is dispositive.

### A. The *Younger* Abstention Doctrine Applies

Defendants contend that Plaintiff's complaint should be dismissed because the *Younger* abstention doctrine precludes the Court's jurisdiction. Contrary to Defendants' assertion, *Younger* abstention doctrine "does not arise from lack of jurisdiction in the District Court, but from strong policies counseling against the exercise of such jurisdiction." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986); *see also Benavidez v. Eu*, 34 F.3d 825, 829 (9th Cir. 1994) ("Younger abstention is not jurisdictional, but reflects a court's prudential decision not to exercise jurisdiction which it in fact possesses."). The doctrine represents a "longstanding public policy against federal court interference with state court proceedings." *Younger v. Harris*, 401 U.S. 37, 43 (1971). When there are ongoing state judicial proceedings, *Younger* and its progeny require federal courts to exercise restraint for "comity" and "to avoid unwarranted determinations of federal constitutional law." *Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004). "Most importantly, *Younger* abstention permits federal courts to preserve respect for state functions such that the national government protects federal rights and interests in a way that will not unduly interfere with the legitimate activities of the States." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019) (internal quotation marks and citations omitted). Under *Younger*, a federal court can only abstain in three categories of cases: "(1) parallel, pending state criminal proceedings, (2) state civil proceedings that are akin to criminal prosecutions, and (3) state civil proceedings that implicate a State's interest in enforcing the orders and judgments of its courts." *Id*. (internal citation omitted.)

For state civil proceedings, *Younger* applies when the proceedings are (1) "ongoing," (2) "implicate important state interests," and (3) provide "an adequate opportunity . . . to raise constitutional challenges." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). If a state civil proceeding meets the three *Middlesex* factors, "a federal court may abstain under *Younger* so long as the federal action would have the practical effect of

5

enjoining the state proceedings." *Herrera*, 918 F.3d at 1044 (internal citation and quotation marks omitted.)

As an initial matter, *Younger* abstention applies because the proceeding against Plaintiff in the Sonoma County Superior Court is a state civil enforcement action akin to a criminal prosecution. *Id*. In *Herrera*, the Ninth Circuit held that a nuisance action pending against the plaintiffs in state court was a civil enforcement proceeding within *Younger's* scope. *Id*. at 1045. Among the factors the court cited in reaching its conclusion were: the City of Palmdale's investigative actions that discovered hundreds of violations of state and local codes on the plaintiffs' property, the City's issuance of notices to repair or abate the violations, the City's filing of a state court complaint for nuisance abatement and receivership which requested an injunction to prevent plaintiffs from collecting rent or income on the property at issue, and imposition of civil penalties. *Id*. The court declared that the "investigation, initiation, and requested sanctions of the proceedings are [] consistent" with the Supreme Court's guidance for a state civil enforcement action in *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604-07 (1975) and *Sprint Comm., Inc. v. Jacobs*, 571 U.S. 69, 79-80 (2013).

Plaintiff here is similarly the subject of a state enforcement proceeding related to investigation and enforcement of Sonoma County and state building, zoning, and public nuisance laws. Plaintiff was notified of these violations and the County has filed a civil enforcement action seeking abatement, injunctive relief, and civil penalties. (*See* Dkt. No. 13 at 5-47, Exs. 1-6.) Therefore, consistent with *Herrera*, the state civil enforcement proceeding here falls within *Younger's* scope.

The three *Middlesex* factors are also met. First, the state civil proceedings against Plaintiff are ongoing. (*See* Dkt. No. 13, Ex. 1 at 9-14). Indeed, Plaintiff alleges that "Defendants, and each of them, are now attempting to . . . impose over $323,000 in fines on Plaintiffs." (Dkt. No. 8 at ¶ 16.)

Second, the Sonoma County Superior Court proceeding implicates important state interests in enforcing building, zoning, and nuisance laws. *See Herrera*, 918 F.3d at 1045 ("we conclude that the state nuisance proceeding at issue here implicates important state interests"); *see also*

1   *Citizens for Free Speech, LLC v. City of Alameda*, No. 18-16805, 2020 WL 1429320, at *2 (9th

2   Cir. Mar. 24, 2020) ("The abatement proceeding also implicated an important state interest,

3   namely the County's strong interest in its land-use ordinances and in providing a uniform

4   procedure for resolving zoning disputes") (internal citations and quotation marks omitted).

5       Third, Plaintiff has made no showing of an inadequate opportunity to raise constitutional

6   challenges in the state court proceeding. *See Herrera*, 918 F.3d at 1046 ("[T]he burden on this

7   point rests on the federal plaintiff to show that state procedural law barred presentation of [its]

8   claims") (internal citations and quotation marks omitted) (alterations in original); *see also Juidice*

9   *v. Vail*, 430 U.S. 327, 337 (1977) (plaintiffs "need be accorded only an opportunity to fairly

10  pursue their constitutional claims in the ongoing state proceedings, and their failure to avail

11  themselves of such opportunities does not mean that the state procedures were inadequate")

12  (internal citation omitted); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("a federal court

13  should assume that state procedures will afford an adequate remedy, in the absence of

14  unambiguous authority to the contrary."). Moreover, as the *Herrera* court noted, under California

15  Code of Civil Procedure § 428.10, "[a] party against whom a cause of action has been asserted in a

16  complaint or cross-complaint may file a cross-complaint setting forth . . . [a]ny cause of action he

17  has against any of the parties who filed the complaint or cross-complaint against him" in a state

18  court civil proceeding. 918 F.3d at 1046 (alterations in original). In fact, Plaintiff has filed a

19  cross-complaint in the state court proceeding that mirrors the complaint filed in the federal

20  action—it seeks declaratory and injunctive relief for violations of the due process clause of the

21  Fourteenth Amendment, the excessive fines clause of the Eighth Amendment, and the search and

22  seizure clause of the Fourth Amendment. *See Castagnola*, No. SCV-265714, Cross-Complaint

23  (filed Feb. 3, 2020).[5] Plaintiff is not barred from and is actively litigating his constitutional claims

---

[5] The Court takes judicial notice of the cross-complaint Plaintiff filed in the state court proceeding. *See Harris*, 682 F.3d at 1132 (A court may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (internal citation omitted); *see also U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations omitted).

in state court.

Lastly, continuing the federal action would have the practical effect of enjoining the state proceeding. Plaintiff contends that the federal action would not enjoin or have the practical effect of enjoining the state case because "the focus of the state case is abatement, not fines." (Dkt. No. 19 at 6.) Citing to the Defendants' state court complaint, Plaintiff argues that "[t]here is simply no authority that *Younger* abstention deprives this Court of jurisdiction simply because this case will resolve one of fifteen issues in a pending state case." (*Id.* at 7.) Plaintiff further asserts that whether he "wins or loses th[e] case, the state court action to abate the alleged permit violations will proceed."[6] (*Id.*) Plaintiff, however, misunderstands the issue.

In *Gilbertson*, the plaintiff brought a 42 U.S.C. §1983 action seeking damages for retaliation for exercising his First Amendment rights and violation of his due process and equal protection rights. 381 F.3d at 982. The court held that the *Younger* abstention doctrine applied to the claim because "the constitutional issues raised in [plaintiff's] federal complaint . . . go to the heart of his opposition to the [defendant's] action in the state proceeding, such that a federal court's decision on the merits of [plaintiff's] claims would have the same practical effect on the state proceeding as an injunction." *Gilbertson*, 381 F.3d at 982. Similarly, Plaintiff's First Amended Complaint raises claims that go to the "heart" of his opposition to Defendants' case in Sonoma County Superior Court, as evidenced by the cross-complaint Plaintiff filed in the state court. In both the federal and state action, Plaintiff is alleging the exact same constitutional violations resulting from Defendants' imposition of fines and civil penalties.

Plaintiff's First Amended Complaint seeks declaratory and injunctive relief against fines and penalties levied for code violations because the fines are based on evidence gathered during an illegal search and seizure under the Fourth Amendment, violate the Due Process Clause of the Fourteenth Amendment, and violate the Excessive Fines Clause of the Eight Amendment. (Dkt. No. 8 at ¶¶ 18-41.) To adjudicate the fines and penalties issue, the Court must necessarily decide whether Plaintiff's Fourth, Eighth, and Fourteenth amendment rights were violated. In the prayer

---

[6] Plaintiff, however, has filed a motion to stay the state proceedings in light of this action. *See Castagnola*, No. SCV-265714, Motion to Stay (filed Feb. 5, 2020.)

for relief, Plaintiff requests a "declaratory judgment finding the conduct alleged above to be unlawful" and for a "permanent injunction prohibiting Defendants, and each of them, from engaging in the conduct alleged above." *Id*. at 8. If this Court concludes that the fines violate Plaintiff's constitutional rights, such finding would have the practical effect of enjoining the state enforcement proceeding because the claims in that proceeding are a result of conduct that Plaintiff alleges violated his constitutional rights. *See also Gilbertson*, 381 F.3d at 975 ("federal courts should also refrain from exercising jurisdiction in actions for declaratory relief because declaratory relief has the same practical impact as injunctive relief on a pending state proceeding as a result of the preclusive effect of the federal court judgment."). For instance, if the Court were to declare that Plaintiff's Fourth Amendment rights were violated during the property inspection, it would practically enjoin the state proceeding since Sonoma County brought its enforcement action as a consequence of the structures discovered during the inspection. (*See* Dkt. No. 13 at 29-30, Ex. 3) (letter sent to Plaintiff detailing the code violations found after the inspection.) In addition, the Court's adjudication of the merits of Plaintiff's constitutional claims "would frustrate the state's interest in administering its judicial system, cast a negative light on the state court's ability to enforce constitutional principles, and put the federal court in the position of prematurely or unnecessarily deciding a question of federal constitutional law." *Gilbertson*, 381 F.3d at 980.

Finally, the Ninth Circuit has disfavored attempts by parties to avoid the *Younger* abstention doctrine by artificially limiting the scope of their claims. In *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, for example, plaintiffs argued that because their federal case was a facial constitutional challenge to a local election statute, rather than a challenge to the "judicial-in-nature" administrative proceedings of the Election Commission in charge of implementing the statute, *Younger* did not apply. 546 F.3d 1087, 1095 (9th Cir. 2008). If the plaintiffs were to challenge the administrative proceedings, it would have implicated an important state interest and thus *Younger* would have applied since "judicial proceedings or disciplinary proceedings which are judicial in nature are the type of proceeding that does implicate an important state interest." *Id*. at 1094 (internal citations omitted). The court rejected the plaintiffs' arguments and noted that their "request is inextricably intertwined with the

1 Election Commission's proceeding" since the plaintiffs requested that the Election Commission be
2 enjoined from enforcing the statute against them. *Id*.

3 Here, similarly, Plaintiff insists that his federal complaint is simply a constitutional
4 challenge to the fines alone, while "the focus of the state case is abatement, not fines," and
5 therefore this action will not have any impact on state court proceeding. (Dkt. No. 19 at 6.)
6 However, as discussed above, Plaintiff's constitutional claims are "inextricably intertwined" with
7 the state court proceedings, and his request for declaratory and injunctive relief specifically asks
8 the Court to declare conduct forming the basis of Sonoma County's action against him unlawful.
9 *See also Citizens for Free Speech, LLC v. Berman*, No. 1810756PSGSSX, 2019 WL 4143306, at
10 *4 (C.D. Cal. June 12, 2019) (rejecting plaintiff's argument that *Younger* did not apply because
11 "there is no 'total identity between the issues in the Administrative [Matter] and the issues [in the
12 federal case].").

13 Accordingly, *Younger* abstention applies and the Court should abstain from hearing
14 Plaintiff's constitutional claims in light of the pending state court proceeding. The Court is
15 dismissing the action as to all Defendants rather than staying the action because Plaintiff seeks
16 declaratory and injunctive relief, as opposed to damages. *See Gilbertson*, 381 F.3d at 968 (holding
17 that under *Younger*, dismissal is appropriate for actions seeking "injunctive or declaratory relief
18 because a determination that the federal plaintiff's constitutional rights have been violated would
19 have the same practical effect as a declaration or injunction on pending state proceedings.
20 However, federal courts should not dismiss actions where damages are at issue; rather, damages
21 actions should be stayed until the state proceedings are completed.").

**CONCLUSION**

For the reasons stated above, the Court GRANTS Defendants' motion to dismiss without prejudice based upon *Younger* abstention.

**IT IS SO ORDERED.**

Dated: April 22, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

10